UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GLADYS ESPELETA, on behalf of herself            Civil Action No.
and all others similarly situated

           Plaintiffs,            **CLASS ACTION**
                                                           **COMPLAINT**
      v.

ENCORE RECEIVABLES MANAGEMENT        **JURY TRIAL DEMANDED**
INC.; SYNCHRONY BANK; AND JOHN
DOES 1-25.

           Defendants.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Gladys Espeleta ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, bring this action to secure redress for the debt collection practices utilized by Encore Receivables Management Inc, ("Encore"), Synchrony Bank ("Synchrony"); and John Does 1-25 (collectively "Defendants") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

1

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   i. The acts giving rise to this lawsuit occurred within this District; and

   ii. Defendants do business within this District.

## DEFINITIONS

7. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in 15 U.S.C. §1692a of the FDCPA.

## PARTIES

8. Plaintiff, Galdys Espeleta, is an individual natural person who at all relevant times resided in the City of Lynbrook, County of Nassau, State of New York.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. Encore is a corporation with its principal place of business located at 400 N. Rogers Road Olathe, Kansas 66062. Encore may be served with process through their registered agent, CT Corporation System 111 Eighth Avenue New York, NY 10011

11. The principal purpose of Encore is the collection of debts using the mail and telephone.

12. Encore regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Encore is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

14. Synchrony is a corporation with a placed of business located at 950 Forrer Blvd Kettering, OH 45420.

15. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTS

16. Sometime prior to June 30, 2017, Plaintiff allegedly incurred a financial obligation to Synchrony Bank related to a personal Care Credit credit card account with an account number ending in "2361" (the "Debt").

17. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal Care Credit credit card account in Plaintiff's name.

18. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

19. Plaintiff's Care Credit credit card account with Synchrony Bank was neither opened nor used by Plaintiff for business purposes.

20. Plaintiff's Care Credit credit card account with Synchrony Bank is a "debt" as defined by 15 U.S.C. §1692a(5).

21. Synchrony is Plaintiff's "creditor" as that term is defined by 15 U.S.C. §1692a(4).

22. At some point prior to June 30, 2017, the Debt became past due.

23. At some time prior to June 30, 2017, Synchrony engaged Encore to collect the Debt.

24. At the time Synchrony engaged Encore to collect the Debt, the Debt was past due.

25. At the time Synchrony engaged Encore to collect the Debt, the Debt was delinquent.

26. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

27. On or about June 30, 2017, Synchrony and Encore mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated June 30, 2017 sent by Synchrony and/or Encore to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

28. Defendants mailed the letter dated June 30, 2017 and attached as <u>Exhibit A</u> hereto as a part of their efforts to collect the Debt.

29. Upon information and belief, Encore participated in the drafting of the letter attached hereto as <u>Exhibit A</u>, and/or approved of the form of the letter attached as <u>Exhibit A</u> prior to the letter attached as <u>Exhibit A</u> being mailed to Plaintiff.

30. <u>Exhibit A</u> was mailed or caused to be mailed by persons employed by Synchrony and/or Encore.

31. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

32. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

33. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

34. <u>Exhibit A</u> seeks to collect the Debt.

35. <u>Exhibit A</u> conveyed information regarding the Debt.

36. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

37. The letter attached as Exhibit A is the first written communication Plaintiff received from Encore.

38. The letter attached as Exhibit A is the first written communication Plaintiff received that mentioned or referenced Encore in any way.

39. The letter attached as Exhibit A was Encore's initial communication with Plaintiff.

40. Exhibit A represents Encore's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

41. The letter attached as Exhibit A states in relevant part:

**CALL Encore Receivables Management, Inc.**

**1-866-247-1087**

**This is an important notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment obligations. Failure to respond promptly could result in further steps being taken to collect the account.**

(Emphasis in Original)

42. The letter attached as Exhibit A further instructs Plaintiff to "contact Encore Receivables Management, Inc., the collection agency handling your account, at 1-866-247-1087".

43. Exhibit A contains the telephone number of Encore no less than three times.

44. Exhibit A is a direct and/or indirect conveyance of information regarding the Debt from Encore to Plaintiff, through Synchrony.

45. Exhibit A is a direct and/or indirect conveyance of information regarding the Debt, from Encore to Plaintiff, through Synchrony, which demanded that Plaintiff call Encore regarding the Debt and to make payments on the Debt through Encore.

46. Exhibit A is an indirect conveyance of information regarding the Debt by Encore to Plaintiff because Encore had Synchrony send the letter attached as Exhibit A demanding that Plaintiff call Encore in order to pay the Debt.

47. Exhibit A is an indirect communication by Encore to Plaintiff regarding the Debt because Encore agreed to let Synchrony send a letter to Plaintiff that demanded Plaintiff contact Encore in order to pay the Debt.

48. The June 30, 2017 letter attached as Exhibit A does not contain the validation notices required by 15 U.S.C. §1692g(a)(1), (3), (4), and (5).

49. Exhibit A is a computer-generated form letter.

50. On information and belief, the June 30, 2017 letter attached as Exhibit A is a mass-produced, computer generated form letter that is prepared by Synchrony and Encore and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

51. Defendants used the same procedures it used in sending the letter attached as Exhibit A when sending the same and/or similar letters to other New York consumers.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

53. In sending the letter attached as Exhibit A, Defendants violated 15 U.S.C. §§1692, 1692e 1692(e)(10) 1692g(a)(1), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692j(a).

54. Collection letters and/or notices, such as those sent by Defendants, are to evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. 15 U.S.C. §1692g(a) provides:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. Encore violated §1692g(a)(1), §1692g(a)(3), §1692g(a)(4), and §1692g(a)(5) because Exhibit A, which at a minimum is an indirect communication from Encore to Plaintiff and thus a "communication" as defined by the FDCPA, does not contain any of the disclosures required by the above sections.

57. Nowhere does Exhibit A contain any statement of the amount of the Debt, nor does Exhibit A contain disclosures regarding Plaintiff's right under the FDCPA to dispute the Debt, request verification of the Debt, or Plaintiff's right to request information about the name and address of the original creditor, if different from Synchrony.

58. 15 U.S.C. §1692e provides:

**§1692e.** **False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

59. Encore engaged in false, deceptive, or misleading representations or means in connection with the collection of the Debt in violation of 15 U.S.C. §1692e and §1692e(10) by failing to provide the required notices pursuant §1692g(a)(1), §1692g(a)(3), §1692g(a)(4), and §1692g(a)(5) in Exhibit A.

60. Alternatively, Synchrony violated 15 U.S.C. §1692j(a).

61. 15 U.S.C. §1692j(a) provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

62. Synchrony violated 15 U.S.C. §1692j(a) by designing and mailing the June 30, 2017 letter to create the false belief that Encore was participating in the collection of the debt, when in fact it was not so participating.

63. Synchrony violated 15 U.S.C. §1692j(a) by designing and mailing the Jun 30, 2017 letter to create the false belief that the debt was turn over to collection agency in order to instill a sense of urgency in Plaintiff.

64. 15 U.S.C. §1692j(b) provides:

> Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

65. As per 15 U.S.C. §1692j(b), Synchrony, despite being a "creditor" as defined by the FDCPA, is liable to Plaintiff and all others similarly situated for their violations of §1692j in the same manner as a debt collector.

66. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was were mailed and directed to her.

67. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications under §1692g to receive certain information by law, and Defendants' violations of the FDCPA results in concrete harm to Plaintiff. *See* Papetti v. Does 1-25, 691 F. App'x 24 (2d Cir. 2017).

68. Be reason thereof, Defendants are liable to Plaintiff and the proposed class for judgment that Defendants' conduct violated 15 U.S.C. §1692e, 15 U.S.C. §1692g, and/or 15 U.S.C. §1692j and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

69. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

70. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71. The class is initially defined as: (a) all individuals (b) with a New York address (c) who were sent letters or notices in a form materially identical or substantially similar to the letter attached as Exhibit A to the Complaint (d) containing Encore's name and telephone number (e) concerning a debt owed to Synchrony Bank related to a Care Credit credit card account, (f) on or after a date one year prior to the filing of this action and on or

before a date 20 days after the filing of this action, and (g) which included the alleged conduct and practices described herein.

72. The class definition above may be subsequently modified or refined.

73. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believe and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendants' violations of the FDCPA involve a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendants.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct

particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692e, 15 U.S.C. §1692g, and/or 15 U.S.C. §1692j; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of the Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and have suffered the same injuries as each other and each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of herself and the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class and does not have any interest adverse to or which directly and irrevocably conflict with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and

efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;
2. Adjudging that Encore violated 15 U.S.C. §§1692e, 1692e(10) 1692g(a)(1), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5);
3. Adjudging that Synchrony violated 15 U.S.C. §1692j;
4. Pre-judgment interest;
5. Post judgment interest;
6. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

7. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

8. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       May 8, 2018

By:  /s/ Ryan Gentile
     _____
     Ryan Gentile, Esq.
     Law Offices of Gus Michael Farinella PC
     *Attorney for Plaintiff*
     110 Jericho Turnpike – Suite 100
     Floral Park, NY 11001
     Tel: (516) 326-2333
     Fax: (516) 305-5566
     rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By:  /s/ Ryan Gentile
     _____
     Ryan Gentile